IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PLASTIC SPECIALTIES, INC.,** | § | |
| *Plaintiff* | § | |
| | § | **Case No. 1:18-CV-0874-SH** |
| **v.** | § | |
| | § | |
| | § | |
| **JPMORGAN CHASE BANK, N.A. AND** | § | |
| **JOHN DOE TELLER** | § | |
| *Defendants* | § | |
| | § | |
| | § | |

## ORDER

Before the Court are Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss, filed April 13, 2020 (Dkt. 44); Plaintiff's Response, filed April 27, 2020 (Dkt. 45); and Chase's Reply, filed May 1, 2020 (Dkt. 46).[1]

## I. Background

Plastic Specialties, Inc. ("PSI") alleges that on February 5, 2018, a third-party customer deposited a check for $116,200 into PSI's bank account at Chase Bank as payment for an outstanding invoice. The routing number on the check was invalid. The bank teller accepted the check and altered the routing number, using an "internal generic routing number" to complete the deposit. Dkt. 43 ¶ 12. Chase credited $116,200 to PSI's account.

PSI determined that the $116,200 deposit included an overpayment of $100,400 because the amount invoiced to its customer was only $15,800. The customer requested a refund for the overpayment. PSI alleges that it contacted Chase about the deposit on February 8, 2018, and confirmed that the check was processed. PSI claims that it was not notified about the incorrect routing number or the potential for a delay in processing the check. Dkt. 43 ¶ 15.

---

[1] The parties have consented to trial before the undersigned Magistrate Judge.

PSI alleges that it wired $100,400 to the customer on February 12, 2018. Chase had not informed PSI at that time about the invalid routing number. Dkt. 43 ¶ 16. On February 16, 2018, Chase notified PSI that the $116,200 check was returned by the depositor bank. *Id.* ¶ 17. Chase charged back the $116,200 deposit and removed the funds from PSI's account. Because the funds were no longer in its account, PSI unsuccessfully attempted to recall the $100,400 refund it had wired to its customer. PSI contends that its loss of $100,400 is a result of Chase's misrepresentation of facts, fraud, and violations of the Texas Business and Commerce Code.

On September 17, 2018, PSI filed this lawsuit against Chase in Texas state court, alleging violations of the Texas Business and Commerce Code, misrepresentation, and fraud by omission. *Plastic Specialties, Inc. v. JPMorgan Chase Bank, N.A.*, No. D-1-GN-18-5693 (353rd Dist. Ct., Travis County, Tex. Sept. 17, 2018); Dkt. 1-2. On October 12, 2018, Chase removed the case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Dkt. 1. Chase now seeks dismissal of all of PSI's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or alternatively, judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## II. Legal Standards

### A. Failure to State a Claim

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do. Factual allegations must be enough to raise a right
> to relief above the speculative level, on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any

documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays*

*Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B.  Judgment on the Pleadings

Rule 12(c) allows a party to move for judgment on the pleadings. The standard for deciding a

Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life*

*Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "The court accepts all well-pleaded facts as true,

viewing them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted).

"The central issue is whether, in the light most favorable to the plaintiff, the complaint states a

valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To state a valid

claim for relief, a plaintiff must plead "enough facts to state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 570.

## III. Analysis

Chase contends that PSI's claims for fraud by omission, misrepresentation, and breach of the

duty of good faith should be dismissed because PSI has not alleged sufficient facts to satisfy the

heightened pleading standard of Federal Rule of Civil Procedure 9(b). Chase contends that PSI's

factual allegations of fraud and misrepresentation are so intertwined that both are subject to the

heightened pleading requirements of Rule 9(b), and PSI concedes that its misrepresentation claim is subject to that standard. Dkt. 44 at 6; Dkt. 45 at 7. In addition, Chase argues that PSI's Texas Business and Commerce Code claims (also referred to as "UCC claims") fail as a matter of law because there is no independent cause of action for breach of the duty of good faith, and because PSI's damages are insufficient to support a claim for breach of ordinary care.

PSI responds that its UCC claims are not subject to the heightened pleading standard, but nonetheless, it has pled sufficient facts to satisfy Rule 9(b) as to all its claims by identifying the who, what, when, where, and how of the fraud. PSI further argues that it may recover for its breach of ordinary care claim because the UCC supports recovery for damages that "arise from the affirmative actions and omissions that caused Plaintiff to send $100,400 to a third party." Dkt. 45 at 17. In its Response, PSI also moved for leave to file an amended complaint should the Court find dismissal proper.

## A.  Fraud by Omission and Misrepresentation Claims

PSI's allegations of fraud by omission and misrepresentation arise from its claim that Chase failed to inform it of the inaccurate routing number and misrepresented that the funds were in PSI's account when the depositor's bank had not yet processed the check. Rule 9(b) requires that claims of fraud be pled with particularity. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 116-17 (5th Cir. 2019). To satisfy the Rule 9(b) requirements, "the complaint must contain factual allegations stating the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby.'" *Id.* at 117 (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made,

and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted). In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) "typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004).

Because fraud and misrepresentation arise from state tort law, Texas law governs those claims. "To state a claim of fraud by misrepresentation under Texas law, a plaintiff must allege (1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). To state a fraud by omission claim, the plaintiff must show that the defendant had a duty to speak and deliberately remained silent. *Id.* There is generally no such duty absent a confidential or fiduciary relationship. *Id.* A duty may arise "when one makes a partial disclosure and conveys a false impression." *Id.* Additionally, a duty to speak arises between non-fiduciaries when "one party learns later that his previous affirmative statement was false or misleading." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1035 (5th Cir. 2010).

Chase argues that PSI has failed to plead with particularity sufficient facts related to fraud and misrepresentation. Chase contends that PSI has failed to state what the fraudulent misrepresentation was, how the representation was false, and what information Chase exclusively retained. Dkt. 44 at 7. Chase further argues that PSI's pleadings fail to state a claim because PSI has not identified how Chase benefited from the alleged fraud or misrepresentation, a required

element under Rule 9(b). Chase contends that because it did not gain anything from the events PSI describes as fraud and misrepresentation, PSI cannot satisfy its pleading burden. *Id.* Finally, Chase contends that PSI has failed to allege that Chase "told it something untrue upon which Plaintiff relied to its detriment." Dkt. 44 at 8.

### 1. Allegations of Fraud by Omission

To support its fraud by omission claim, PSI alleges that Chase committed fraud by failing to disclose material facts when it discovered new information that made an earlier representation false or misleading or when it made a representation that created a substantially false impression. Dkt. 43 ¶ 28. PSI contends that the relationship between PSI and Chase and its teller creates Chase's duty to disclose material facts. *Id*. PSI argues that Chase should have notified PSI about the issues related to the routing number and should not have represented to PSI that the funds had been credited to PSI's account when the teller knew the routing number was incorrect. Dkt. 45 at 9-11. PSI alleges that Chase bank and the teller were aware of material facts, namely, issues with the routing number, about which PSI was unaware, and that Chase and the teller deliberately remained silent when they had a duty to disclose these facts to PSI. Dkt. 43 ¶¶ 28-30. PSI contends that Chase and the teller intended PSI to rely on misinformation and that PSI did rely on that information to its detriment. *Id.* ¶¶ 31-32.

### 2. Allegations of Misrepresentation

PSI alleges that Chase employees (who) supplied false information to PSI concerning a transaction (what) in which Chase had a monetary interest by depositing a check that one employee knew carried "indicia of fraud" because the routing number was incorrect, knowing that PSI would rely on that information to its detriment (how). Dkt. 43 ¶¶ 23-26; Dkt. 45 at 9. PSI alleges that the misrepresentation occurred at a Chase branch located in Austin, Texas (where). The

misrepresentation began on February 8, 2018 and continued at all times that PSI's account balance reflected that the check had been deposited (when). Dkt. 43 ¶ 15; Dkt. 45 at 9. PSI contends that Chase failed to exercise reasonable care or competence in supplying information related to the deposit to PSI. Dkt. 43 ¶ 25; Dkt. 45 at 9. PSI claims it justifiably relied on Chase's representation that the deposit was processed and suffered $100,400 in damages due to Chase's misrepresentation when it wired a refund to its customer. Dkt. 43 ¶ 29; Dkt. 45 at 9.

### 3. Conclusion as to Fraud by Omission and Misrepresentation Claims

Taking PSI's allegations as true, it is plausible that a duty to disclose arose. PSI's account reflected a deposit of $116,200 and, on February 8, 2018, PSI allegedly confirmed with a Chase representative that the deposit had been made into its account. Chase did not notify PSI that an incorrect routing number on the check deposited could delay processing or that there was an indication that it was fraudulent. Such partial disclosure plausibly conveyed a false impression, thus creating a duty for Chase to disclose the additional information. PSI thus has alleged sufficient facts to support the who, what, when, where, and how as to the fraudulent conduct.

Chase's assertion that PSI's claims fail because PSI has not identified a benefit Chase obtained as a result of the fraud is insufficient for dismissal under Rule 9(b). PSI has alleged common law claims of fraud by omission and misrepresentation. Neither claim requires the defendant to obtain a benefit from the allegedly fraudulent behavior. *See Rio Grande Royalty*, 620 F.3d at 468. Chase cites no authority to the contrary.

Based on the foregoing, the Court finds that PSI's common law claims are sufficient to survive the Motion to Dismiss. Accordingly, Chase's Motion to Dismiss is **DENIED** as to the fraud and misrepresentation claims.

### B.  UCC Claims

PSI alleges that Chase Bank violated the duties of good faith and ordinary care under TEX.

BUS. & COM. CODE § 4.214 by failing to exercise ordinary care with respect to the transactions,

the check, the deposit, and the charge back. Dkt. 43 ¶¶ 19-20. Chase suggests that a claim for

breach of the duty of good faith does not exist when there is no contract. Additionally, Chase

argues that PSI's claim for breach of the duty of good faith sounds in fraud and must be pled with

particularity. Dkt. 44 at 8. Finally, Chase argues that PSI cannot establish damages because the

check was uncollectable, and therefore, PSI's claim for breach of the duty of ordinary care fails.

Dkt. 44 at 12-13.

### 1.  Duty of Good Faith

The breach of the duty of good faith does not give rise to an independent cause of action. *N.*

*Nat. Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 606 (Tex. 1998). To recover for breach of the duty

of good faith, a plaintiff must allege a breach of contract claim. *See id.* "In the absence of a specific

duty or obligation [in the contract] to which the good-faith standard could be tied, [TEX. BUS. &

COM. CODE] section 1.203 will not support [a plaintiff's] claim for damages." *Id.* at 606-07; *see*

*also Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 937 F. Supp. 2d 879, 889 (W.D. Tex.

2013) (quoting *N. Nat. Gas*). PSI has not alleged a breach of contract claim. PSI thus has not pled

sufficient facts to support a recovery for Chase's alleged breach of the duty of good faith under

the UCC. Accordingly, Chase's Motion to Dismiss the UCC breach of good faith claim is

**GRANTED**.

Because PSI has failed to plead a claim sufficient to meet the minimum pleading standards to

survive a motion to dismiss, the Court need not address whether the UCC duty of good faith claim

is subject to Rule 9(b)'s heightened pleading standards.

### 2. Duty of Ordinary Care

As for the breach of ordinary care claim, Chase argues that the check was uncollectable because it was returned, so no damages are available to PSI. Chase contends that "[w]hen it is established that some part or all of the item could not have been collected even by the use of ordinary care, the recovery is reduced by the amount that would have been in any event uncollectable." Dkt. 44 at 12 (quoting TEX. BUS. & COMM. CODE § 4.103, cmt. 6).

PSI argues that while a "charge back is permitted even if nonpayment results from the depositary bank's own negligence, the bank remains liable for its failure to exercise ordinary care in handling the item." Dkt. 45 at 17 (citing TEX. BUS. & COM. CODE § 4.214(d)(2)). PSI explains that it seeks damages predicated not on the value of the returned check, but the $100,400 sent to a third party. Dkt. 45 at 17. PSI argues that, "'but for' Chase's failure to exercise ordinary care, Plaintiff would not have wired the $100,400 refund." *Id.*

The UCC limits a bank's duty of ordinary care when taking an instrument for processing for collection, stating that "reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 4." TEX. BUS. & COM. CODE § 3.103(a)(9). Although a bank remains liable for failure to exercise ordinary care with respect to a charge back, a customer's potential recovery is limited to "the amount of the item reduced by an amount that could not have been realized by the exercise of ordinary care." TEX. BUS. & COM. CODE §§ 4.214(d)(2), 4.103(e).

Because the check was returned, no amount of care in handling it would have enabled PSI to realize any funds from the deposit. PSI is unable to prove damages as is required to state a claim for breach of ordinary care under the Texas UCC. *See Lowe v. ViewPoint Bank*, No. 3:12-CV-

9

1725-G (BH), 2015 WL 3939357, at *5 (N.D. Tex. June 26, 2015); *Wells Fargo, N.A. v. Citizen's Bank of Tex., N.A.*, 181 S.W.3d 790, 809 (Tex. App.—Waco 2005, pet. denied). Accordingly, Chase's Motion to Dismiss the UCC breach of ordinary care claim is **GRANTED**.

### C.  PSI's Request for Leave to Amend

In its Response, PSI asks the Court to grant leave to amend its First Amended Complaint if the Court finds that the Complaint fails to state a claim. Dkt. 45 at 1, 18. Courts should grant leave to amend freely when justice so requires. FED. R. CIV. P. 15(a)(2). The language of the rule "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). Absent such a substantial reason, "the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Because no substantial reason for denial has been established, PSI's request for leave to amend is **GRANTED**.

### IV. Conclusion

Defendants' Motion to Dismiss (Dkt. 44) is **GRANTED IN PART AND DENIED IN PART**. The Court **DENIES** Defendant's Motion to Dismiss as to the fraud and misrepresentation claims and **GRANTS** the Motion to Dismiss without prejudice as to the Texas Business and Commerce Code claims. The Court further **GRANTS** Plaintiff's request to amend its complaint. **IT IS HEREBY ORDERED** that PSI has until **August 17, 2020** to file a Second Amended Complaint.

**SIGNED** on August 5, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE